Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 CR 50024 | **DATE** | 8/25/2004 |
| **CASE TITLE** | United States vs. Breit | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies defendant's motion to dismiss Count I and his motion to dismiss Count II.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 27 2004 | 55 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 8-26-04 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| LC courtroom deputy's initials | | mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

# MEMORANDUM OPINION AND ORDER

Defendant, Michael Breit, filed two motions to dismiss the indictment, one directed at Count I and the other at Count II. As to Count I, defendant contends the allegations that he "did unlawfully receive explosive materials... in violation of title 18 U.S.C. § 842(a)(2)(A)" are constitutionally insufficient because there is no allegation that he acted knowingly as required by the statute, because there is no allegation that defendant was not a licensee or permitee, and because the allegations do not specify a particular date upon which defendant did unlawfully receive explosive materials. Regarding Count II, defendant asserts that it is pleaded in the disjunctive, thereby amounting to a "duplicitous pleading."

Fed. R. Crim. P. 7(c)(1) provides that an indictment shall be a "plain, concise and definite written statement of the essential facts constituting the offense charged." An indictment is constitutionally sufficient and satisfies Rule 7(c)(1) if it states the elements of the crime charged, informs the defendant of the nature of the charge so he may prepare a defense, and enables the defendant to plead the judgment as a bar against future prosecution for the same offense. United States v. Agostino, 132 F. 3d 1183, 1189 (7th Cir. 1997). An indictment need not exhaustively recount the facts surrounding the crime's commission and is generally sufficient when it sets forth the offense in the words of the statute itself, as long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished. Agostino, 132 F. 3d at 1189. A defendant's constitutional right is to know the offense with which he is charged and not the details of how it will be proved. Agostino, 132 F. 3d at 1191.

Here, Count I is both constitutionally sufficient and satisfies Rule 7(c)(1). It need not allege that defendant is not a licensee or permitee as those are defenses to the charge. As for the specific date, Count I states that the offense occurred between October 18, 2003, and April 18, 2004. That is adequate to advise defendant of the charge against him, prepare a defense, and plead any judgment as bar. As for the lack of reference to the mental state of knowingly, section 842(a)(3)(A), which is identified in Count I, provides that it is unlawful for a person to knowingly commit the proscribed conduct. The reference to unlawful in Count I necessarily incorporates the only applicable mental state. See United States v. Jackson, 94 F. Supp. 2d 935, 937 (N.D. Ill. 2000); see also United States v. Harris, 521 F. 2d 1089, 1092 (7th Cir. 1975) (Knowing read into indictment where use of another term implied the mental state); United States v. Willis, 515 F. 2d 798, 799 (7th Cir. 1975) (Holding that mental state of intent implied from another term where defendant did not challenge the indictment prior to trial). While it is preferable to use the express term of "knowingly," see Harris, 521 F. 2d at 1092, the use of the word "unlawful," combined with the citation to 18 U.S.C. § 842(a)(3)(A), see Jackson, 94 F. Supp. 2d at 937, is constitutionally sufficient.

Regarding the challenge to Count II, where a statute defines two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count, and proof of any one of those conjunctively charged acts may support a conviction, see United States v. Moore, 363 F. 3d 631, 640 (7th Cir. 2004). Thus, Count II, as charged here, is constitutionally sufficient.

For the foregoing reasons, the court denies defendant's motion to dismiss Count I and his motion to dismiss Count II.