Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 CR 50024 | **DATE** | 8/26/2004 |
| **CASE TITLE** | United States vs. Breit | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, defendant's motion for a bill of particulars is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | AUG 27 2004 date docketed |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | docketing deputy initials |
| | Mail AO 450 form. | 8-27-04 date mailed notice |
| | Copy to judge/magistrate judge. | |
| LC courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 56

# MEMORANDUM OPINION AND ORDER

Defendant, Michael Breit, filed a motion for a bill of particulars as to both Counts I and II of the indictment. Defendant contends the allegations in Count I are insufficient because they do not specify the precise date or dates upon which defendant allegedly received explosive materials. As for Count II, defendant reiterates his contention concerning the lack of specific dates and also maintains that Count II is deficient for failing to specify the particular victims or property related to the charged offense. Based on these purported deficiencies, defendant seeks a bill of particulars.

Rule 7(f) of the Federal Rules of Criminal Procedure allows for a bill of particulars, that is, a more specific expression of the illegal activities a defendant is accused of having engaged in. United States v. Canino, 949 F. 2d 928, 948 (7th Cir. 2001). The decision whether to require a bill of particulars is discretionary, and the standard is whether the indictment sufficiently apprises the defendant of the charge to enable him to prepare for trial. Canino, 949 F. 2d at 948. A bill of particulars is not required where information necessary for a defense can be obtained through some other satisfactory form such as an open-file policy. Canino, 949 F. 2d at 948. Finally, while a motion for a bill of particulars must be filed no later than 10 days after arraignment, the court may permit such a motion to be filed at a later time. Fed. R. Crim. P. 7(f).

In this case, the court will allow the untimely motion for a bill of particulars to be filed. The motion is denied, however, as the allegations of the indictment, combined with the government's open-file policy, sufficiently allow defendant to prepare for trial.