## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 CR 50024 | DATE | 8/26/2004 |
| CASE TITLE | United States vs. Breit | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated on the reverse memorandum opinion and order, the court denies defendant's motion to declare 18 U.S.C. § 842(a)(3)(A) unconstitutional and to dismiss Count I. This matter is set for status at 9:30am on September 1, 2004.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 30 2004 date docketed | 57 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 8-27-04 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Defendant, Michael Breit, filed an amended motion to declare 18 U.S.C. § 842(a)(3)(A) (Count I) unconstitutional and to dismiss Count I. Defendant presents three contentions in support of his motion: (1) § 842(a)(3)(A) violates due process by not giving a person fair notice of the possible illegal conduct because while it makes receipt of explosive materials (black powder and smokeless powder in this case) illegal, a person does not know it is illegal unless they are aware of 18 U.S.C. § 845(a)(4) and (5) which set forth exceptions for the legal receipt of explosive materials; (2) § 842(a)(3)(A) is unconstitutional because it contains no requirement that the explosive materials received by a defendant or its intended use have any connection to interstate commerce; and (3) § 842(a)(3)(A) violates due process because it has the same penalty as 18 U.S.C. § 844(d) even though § 844(d) proscribes conduct that is more serious than that covered by § 842(a)(3)(A).

As to the first contention, the Due Process Clause requires that, when defining a crime, the state must give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. Stepniewski v. Gagnon, 732 F. 2d 567, 572 (7th Cir. 1984), citing United States v. Harriss, 347 U.S. 612 (1954). The underlying principle is that no man shall be held criminally responsible for conduct he could not reasonably understand to be proscribed. Stepniewski, 732 F. 2d at 572.

Here, § 842(a)(3)(A), plainly on its face, makes it illegal to receive explosive materials. It does not by its own terms violate due process. The fact that another statutory provision (§ 845(a)(4) and (5)) sets forth (again, in plain language) exceptions to liability does not deprive a person of ordinary intelligence fair notice that it is illegal to receive explosive materials if not under one of the delineated exceptions. The fact that retail outlets sell such explosive materials as black powder and smokeless powder does not detract from this conclusion as it is legal to possess such materials under the defined circumstances. It cannot be said that someone such as defendant was not given fair notice that it is illegal to receive black powder and smokeless powder other than for the certain limited purposes set out in the statutory scheme.

The next challenge is one based on the Commerce Clause. The Commerce Clause confers a plenary power upon Congress to regulate interstate commerce. United States v. Black, 125 F. 3d 454, 459 (7th Cir. 1997). Judicial review in this area is both limited and deferential. Black, 125 F. 3d at 459. A court need only ask whether Congress could have had a rational basis to support the exercise of its commerce power and whether the regulatory means chosen were reasonably adapted to the end permitted by the Constitution. Black, 125 F. 3d at 459. Nonetheless, it is still the province of the courts to determine whether Congress has exceeded its enumerated powers. Black, 125 F. 3d at 459.

The Supreme Court has recently concluded there are three broad areas of activity that Congress may regulate under its commerce power. Black, 125 F. 3d at 459, citing United States v. Lopez, 514 U.S. 549 (1995). First, Congress may oversee the use of the channels of interstate commerce. Second, Congress may regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat to them may only emanate from intrastate activities. Finally, Congress has the power to regulate those activities which substantially affect interstate commerce. Once a court concludes that a particular legislative act falls within one of the three categories, then it must determine if the legislation has a rational basis and is reasonably adapted to the end permitted by the Constitution. Black, 125 F. 3d at 462.

In this case, the court finds that § 842(a)(3)(A) falls squarely within the second broad category. The obvious purpose of regulating explosive materials is, in part, to protect interstate commerce, including things and persons traveling in it, from the misuse of such materials. Explosive materials that are received purely intrastate pose a threat to interstate commerce equal to that of explosive materials received interstate. According to the legislative comments, prior to the amendment of § 842(a)(3)(A) to include intrastate receipt, there were several states that did not effectively regulate the receipt of explosive materials within their boarders. This, of course, could have a negative impact on Congress's effort to protect interstate commerce from the misuse of explosive materials.

Having found that § 842(a)(3)(A) falls within at least one of the three recognized broad areas of activity which Congress may regulate, the court also finds that the approach taken, the criminalization of the intrastate receipt of explosive materials, is a rational option that is reasonable adapted to the end permitted by the Constitution, the protection of interstate commerce. Thus, the court concludes that § 842(a)(3)(A) does not violate the Commerce Clause.

The last contention, that § 842(a)(3)(A) violates due process because it sets forth the same potential penalty (10 years imprisonment) as § 844(d) even though § 844(d) proscribes more serious conduct, is readily disposed of. The Seventh Circuit Court of Appeals has held, relying in part on United States v. Batchelder, 442 U.S. 114 (1979), that the same penalty for offenses that reflect different levels of seriousness does not offend due process. See United States v. Marshall, 908 F. 2d 1312, 1320-21 (7th Cir. 1990). The Marshall case controls the issue here, and, therefore, the court finds that § 842(a)(3)(A) is not unconstitutional on this basis.

For the foregoing reasons, the court denies defendant's motion to declare § 842(a)(3)(A) unconstitutional and to dismiss Count I.